26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Lonnie D. SNELLING, Petitioner-Appellant,
v.
STATE of Missouri, Respondent-Appellee.
 No. 93-3624.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: May 17, 1994.
 
 Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Lonnie Snelling appeals from the district court's[1] order dismissing his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. The district court dismissed his petition upon finding that the sentence imposed for Snelling's state court conviction was a fine and that Snelling did not allege that he was in state custody. Snelling filed a motion for reconsideration, alleging that he was in state custody by reason of economic hardships that resulted from his conviction, which the district court denied. Snelling appeals, contending that the district court erred by finding that he had not sufficiently pled that he was in state custody.
 
 
 2
 A writ of habeas corpus is available only to one who is "in custody." 28 U.S.C. Sec. 2241(c). This requires a significant restraint imposed on one's liberty. Russell v. City of Pierre, State of South Dakota, 530 F.2d 791, 792 (8th Cir. 1976). In Russell, this court held that a $25 fine was "not a significant restraint" within the meaning of the custody requirement. Id.
 
 
 3
 We conclude that, likewise, Snelling's $150 fine was not a significant restraint.
 
 
 4
 Snelling also alleges that his conviction caused him to lose business contracts and opportunities as well as income. He contends that these economic hardships satisfy the "in custody" requirement. The type of loss that Snelling claims is common in that all persons convicted of a criminal offense suffer collateral consequences as a result of their conviction. This is not a restraint imposed upon Snelling by the state court judgment or by any state statute. The judgment imposed only a fine and no other restrictions on Snelling's liberty. We conclude that the type of economic hardships that Snelling has allegedly endured are not the type of restraints on liberty that satisfy the "in custody" requirement.
 
 
 5
 We conclude that the district court did not err. Accordingly, we affirm the district court's order dismissing Snelling's petition for a writ of habeas corpus.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri